**Kelceda DAVIS, Plaintiff–Appellant,**

v.

**AVAYA, INC., Defendant–Appellee.**

**No. 07–1477–cv.**

United States Court of Appeals,
Second Circuit.

Oct. 2, 2008.

Harvey W. Spizz, Spizz & Cooper, LLP, Mineola, NY, for Plaintiff–Appellant.

Daniel A. Rizzi (Christopher G. Gegwich on the brief) Nixon Peabody LLP, Jericho, NY, for Defendants–Appellees.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, and Hon. JOHN R. GIBSON,* Circuit Judges.

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

**SUMMARY ORDER**

Appellant Kelceda Davis appeals from the March 13, 2007 order of the United States District Court for the Southern District of New York (Kimba M. Wood, J.) granting summary judgment in favor of appellee Avaya, Inc., and dismissing Davis's complaint in its entirety. The district court determined that Davis failed to provide any evidence to support her claim that she was terminated by Avaya because of her age, gender, or race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and Section 40–c of the New York State Civil Rights Law ("NYSCRL"). *Kelceda Davis v. Avaya, Inc.*, No. 07–1477 (March 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review an award of summary judgment *de novo,* and will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 172 (2d Cir.2005).

Davis argues that the district court erred in dismissing her discriminatory termination claim because she satisfied her burden of showing that the legitimate reasons proffered by Avaya for terminating her were pretextual.

On a motion for summary judgment, claims of discrimination under Title VII, Section 1981, the ADEA, the NYSHRL, and the NYSCRL are analyzed under the framework articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this three-part test, plaintiff must first establish a *prima facie* case of discrimination by showing: (1) she belongs to a protected class; (2) she was qualified for her position; (3) she was discharged; and (4) the discharge decision occurred under circumstances giving rise to an inference of discrimination on the basis of her membership in a protected class. *Id.* at 802, 93 S.Ct. 1817. Once plaintiff has satisfied this minimal burden, "the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the termination, ... which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *Patterson v. County of Oneida,* 375 F.3d 206, 221 (2d Cir.2004) (internal citations and quotation marks omitted). If the employer satisfies this burden, the burden shifts back to the plaintiff to show that the defendant's legitimate reasons were a mere pretext for discrimination. *Id.* If plaintiff fails to "show that there is evidence that would permit a rational factfinder to infer that the employer's proffered rationale is pretext, summary judgment dismissing the claim is appropriate." *Id.*

The district court did not err in granting summary judgment in favor of Avaya on Davis's claim of discriminatory termination. Even assuming *arguendo* that Davis established a *prima facie* case of race, age, or gender-based discrimination, defendants articulated a legitimate, nondiscriminatory reason for her termination. *See Cross v. N.Y.C. Transit Auth.,* 417 F.3d 241, 250 (2d Cir.2005) (noting that a failure to "perform satisfactorily" is a legitimate, nondiscriminatory reason for dismissal). As the district court found, Avaya terminated Davis because, "despite repeated counseling by her managers, her performance was poor and continued to deteriorate." *Kelceda Davis v. Avaya, Inc.,* No. 07–1477, at 17 (March 13, 2007). Avaya provided ample evidence of Davis's

poor performance in her interactions with a number of high-profile clients, including Proskauer Rose, Lehman Brothers, and Morgan Stanley. In response, Davis did not satisfy her subsequent burden to provide evidence that would permit a rational factfinder to infer that Avaya's articulated reasons for her dismissal were pretextual. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir.2000) (finding that a plaintiff must rebut evidence of legitimate, nondiscriminatory reasons for dismissal with specific evidence tending to show not only that those reasons were a pretext, but that unlawful discrimination was the real reason for the employment decision). Specifically, Davis's claim that she received stellar employee evaluations in the months and years preceding Avaya's hiring of David Kristof in February of 2002 fails to rebut the company's showing that she made no attempt to adjust her interactions with clients and coworkers to meet the new expectations articulated by management. Further, Davis fails to make an adequate showing that similarly situated coworkers received disparate treatment. Finally, Davis does not produce any evidence that she was subjected by Kristof to age, race, or sex-based comments on the job. *See Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir.2000) (finding the lack of any age-based criticisms or comments relevant to a grant of summary judgment in favor of defendants).

Because, as discussed above, Avaya can meet its burden of showing a legitimate, nondiscriminatory reason for Davis's discharge, and Davis cannot point to specific evidence in the record tending to establish that Avaya discriminated against her based upon her age, gender, or race, we need not address whether she can establish a *prima facie* case of discrimination. *See Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir.2001).

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.